**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BILLY MACK NICHOLS, JR.
ADC #92713**                                                                                   **PLAINTIFF**

V.                        CASE NO. 5:14-CV-00157-KGB-BD

**SONYA PEPPERS-DAVIS, et al.**                                           **DEFENDANTS**

<u>**RECOMMENDED DISPOSITION**</u>

I.   <u>**Procedures for Filing Objections:**</u>

This Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.** **Discussion:**

Billy Mack Nichols, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit claiming that Defendants acted with deliberate indifference to his medical needs. Defendants have now moved for summary judgment, arguing that Mr. Nichols failed to exhaust his administrative remedies prior to filing this lawsuit. (Docket entry #86) Mr. Nichols has responded to the motion. (#91) Based on the undisputed evidence presented, the Court recommends that the Defendants' motion (#86) be GRANTED. Mr. Nichols's claims should be DISMISSED, without prejudice. Mr. Nichols's pending motions should be DENIED, as moot.

    A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). A moving party must first present evidence that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must come forward with evidence showing that

there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the nonmoving party does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

B.     Exhaustion

Defendants contend that Mr. Nichols failed to fully exhaust grievances against them on the claims raised in this lawsuit and that the claims, therefore, must be dismissed. It is settled law that prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001)(holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").

For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If a claim is not fully exhausted by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The prison's procedures, rather than the Prison Litigation Reform Act, set the rules for exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Here, it is undisputed that Mr. Nichols failed to fully exhaust grievances against the Defendants prior to filing this lawsuit. Defendants attach to their summary judgment motion the affidavit of Shelly Byers, Medical Grievance Supervisor. (#86-3) Ms. Byers

explains that Mr. Nichols did not receive responses to his grievance appeals until June 2014.[1]  (#86-3 at p.1)

In response, Mr. Nichols explains that he was permitted to proceed IFP in this lawsuit because he pleaded sufficient facts to establish that he was in imminent danger of serious injury at the time that he filed his complaint, and that Defendants are merely trying to postpone the litigation of his claims.  He does not contest, however, the evidence presented in support of the Defendants' motion.  Accordingly, there is no genuine dispute regarding exhaustion, and Defendants are entitled to judgment as a matter of law.

### III.   Conclusion:

The Court recommends that the Defendants' motion (#86) be GRANTED.  Mr. Nichols's claims should be DISMISSED, without prejudice.  His pending motions should be DENIED as moot.

DATED this 2nd day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] According to Mr. Nichols's grievance papers, he received responses to six of his grievances on June 16, 2014.  (#86-3 at p.1; #86-4 at pp.1, 4, 8, 12, 16, 20)  He received responses to his remaining two grievances on July 16, 2014.  (#86-3 at p.1; #86-3 at pp.23, 27)