IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BILLY MACK NICHOLS, Jr.**                                                                 **PLAINTIFF**
**ADC #92713**

v.                          Case No. 5:14-cv-00157-KGB-BD

**SONYA PEPPERS-DAVIS, et al.**                                                       **DEFENDANTS**

## ORDER

The Court has received the Partial Recommended Dispositions (Dkt. Nos. 58, 61, 85, 93) and Recommended Disposition (Dkt. No. 94) filed by Magistrate Judge Beth Deere. Plaintiff Billy Mack Nichols, Jr., has filed objections (Dkt. Nos. 66, 90, 97, 111, 126) and what the Court construes as objections (Dkt. Nos. 63, 84). After careful review of the Partial Recommended Dispositions and Recommended Disposition, as well as a *de novo* review of the record, the Court concludes that the Partial Recommended Dispositions and Recommended Disposition should be, and hereby are, approved and adopted as this Court's findings in all respect.

It is therefore ordered that:

1. Mr. Nichols's motions to amend his complaint are denied (Dkt. Nos. 55, 56, 83). Although Mr. Nichols provided a grievance that he filed against Mr. Hughey in April 2014 (Dkt. No. 63), the new claims he seeks to bring against Hughey and Jackson stem from conduct that occurred in July 2014 (Dkt. No. 56). Likewise, although Mr. Nichols provided a grievance that he filed against Dr. Charles Shock in June 2014 (Dkt. No. 84), the new claims he seeks to bring against Dr. Charles Shock stem from conduct that occurred in June 2014 (Dkt. No. 83). Mr. Nichols had not exhausted his administrative remedies regarding the conduct that is the basis for these claims at the time he filed this lawsuit in April 2014.

2.      Mr. Nichols's second motion for injunctive relief (Dkt. No. 17), motion for temporary restraining order (Dkt. No. 62), and amended motion for temporary restraining order (Dkt. No. 68) are denied.  Based on the record before the Court, there is no actual threat of imminent, irreparable harm.  *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) (citing *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 113 (8th Cir. 1981)).  On March 10, 2014, defendant Sonya Pepper-Davis examined Mr. Nichols (Dkt. No. 70-3).  She found that Mr. Nichols had "no need for specialty foot wear [sic] as ADC footwear should suffice" while in isolation and that "once in population [he] will qualify for" specialty footwear (*Id.*).  On June 9, 2014, a separate physician examined Mr. Nichols (Dkt. No. 70-1).  The physician noted Mr. Nichols had mild tenderness under his heel and suffered from plantar fasciitis but did not refer him to a podiatrist for treatment or recommend specialty shoes, instead giving him verbal instructions for medical treatment (*Id.*).  Mr. Nichols requests that he be given specialty shoes, that he see a podiatrist, and that he be moved to a different ADC unit so that defendants will not be treating him (Dkt. Nos. 17, 62, 68).  As Judge Deere explained, Mr. Nichols is not entitled to a specific form of requested treatment or to be housed in any particular ADC unit.  Further, Mr. Nichols's conclusory argument that defendants intend to "kill and/or cause permanent physical injury" is not supported by the evidence (Dkt. No. 62, at 2).  Mr. Nichols has not proven that he will face imminent harm absent Court intervention.

3.      Defendants' motion for summary judgment is granted (Dkt. No. 86).  Mr. Nichols's claims are dismissed without prejudice.  It is undisputed that Mr. Nichols failed to fully exhaust grievances against defendants prior to filing this lawsuit.  In his objections, Mr. Nichols argues that he should be allowed to amend his complaint "to clear up this . . . defect/error of having filed a complaint before grievance exhaustion was completed" (Dkt. No.

111, at 1). In support of his argument, Mr. Nichols cites *Plaster v. Kneal*, No. 3:06cv1655, 2008 WL 4090790, at *3-4 (M.D. Pa. Aug. 29, 2008). However, contrary to Mr. Nichols's representation of the case, nothing in *Plaster* suggests that the court considered claims that were unexhausted at the time the plaintiff filed his case. Instead, *Plaster* discusses whether the plaintiff's exhausted grievances were against all defendants named and raised all claims brought in his complaint. *Id.*

An inmate must exhaust all "administrative remedies as are available" before commencing an action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733-34, 738 (2001) (holding that the Prison Litigation Reform Act of 1995 "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions" and that available remedies "must be 'exhausted' before a complaint under § 1983 may be entertained"). The Court has no discretion to consider claims that were not exhausted at the time the action was filed. *See Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003) (holding that the PLRA "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement" and that "the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory"). Allowing Mr. Nichols to amend his complaint would not change the fact that his claims were unexhausted when he filed this action on April 28, 2014.

4.   Mr. Nichols's petition for rehearing of Recommended Disposition, motion for reconsideration of Recommended Disposition, amended motion for reconsideration of Recommended Disposition, and amended petition for rehearing are granted to the extent that Mr. Nichols requests his claims be refiled but are denied in all other respects (Dkt. Nos. 103, 105,

109, 121). Because the Court dismisses Mr. Nichols's claims without prejudice, he may refile his claims in a separate action, and it appears that he has attempted to do so (*see* Dkt. Nos. 103, 105, 109). The Clerk is directed to refile docket numbers 98, 99, and 112 in a new action as Mr. Nichols's complaint and application to proceed *in forma pauperis*. The Court also grants Mr. Nichols's request to have the exhibits filed in this case attached to his new case (Dkt. No. 103). The Clerk is directed to attach docket numbers 16, 23, 36, 41, 63, 84, 89, 101, 102, 107, 108, 122, and 123 as "exhibits." This case will be closed, but Mr. Nichols may pursue his claims in the new case.

     5.    Mr. Nichols's remaining motions are denied as moot (Dkt. Nos. 72, 80, 81, 82, 83, 98, 110, 113, 117, 124, 127, 129, 130, 131, 132,).

     SO ORDERED this the 17th day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE